UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

National DME, L.C.,

        Plaintiff

v.

Tonya Katsikas,

        Defendant

Case No. 2:23-cv-01243-CDS-NJK

**Order Granting Plaintiff's Rule 56(d) Request, Denying Without Prejudice Defendant's Motion to Dismiss or Alternatively Summary Judgment, and Denying Defendant's Motion for Sanctions**

[ECF Nos. 24, 25, 35]

      This is a breach of contract action between plaintiff National DME, L.C. (NDME) and its former employee, defendant Tonya Katsikas. Katsikas moves for Rule 11 sanctions (ECF No. 24), and to dismiss the amended complaint, or in the alternative, for summary judgment (ECF No. 25). NDME seeks relief under Federal Rule of Civil Procedure 56(d). ECF No. 35. For the reasons set forth herein, the court declines to issue sanctions, denies without prejudice Katsikas' motion to dismiss the amended complaint, or in the alternative, motion for summary judgment, and grants NDME's Rule 56 request.

I.    Background

      NDME provides medical supplies and durable medical equipment to medical practices and hospital systems throughout the nation. ECF No. 13 at ¶ 5. It hired Katsikas in July of 2022, as its Las Vegas office sales representative, where she maintained, created, and developed goodwill with clients for NDME's benefit. *Id.* at ¶¶ 6, 8. In that position, Katsikas had access to and used confidential information concerning NDME's clients. *Id.* at ¶ 10.

      In July of 2023, NDME terminated Katsikas. *Id.* at ¶ 12. NDME alleges that Katsikas communicated to its clients that (1) she was terminated, (2) she changed her employment to Precision Medical, and (3) NDME's services were inferior or that its charges were unreasonable. *Id.* at ¶ 14. NDME also claims that three of its longtime Las Vegas clients terminated their

business relationship with them as a result, and all indicated that they would do business with Precision Medical instead of NDME. *Id.* at ¶ 15. In its amended complaint, NDME raises an intentional interference with contractual relations claim and a breach of contract claim. *See generally id.*

In January of 2024, Katsikas moved for Rule 11 sanctions. ECF No. 24. Katsikas also moved to dismiss NDME's complaint, or in the alternative, for summary judgment. ECF No. 25. Katsikas argues that dismissal is warranted under Rule 12(b)(6) and/or 12(b)(1). *Id.* at 5–12. In the alternative, Katsikas argues that summary judgment is appropriate because "the first cause of action for intentional interference with contractual relations is verifiably false and not sufficiently specific" and that "the second cause of action for breach of contract is also verifiably false" because it is only supported by conclusory statements and "dependent upon a disclosure of confidential patient health information for which there was no breach[.]" *Id.* at 3. Katsikas used witness declarations to negate NDME's claims. *See generally id.*

NDME opposes both dismissal and summary judgment, ECF No. 33, as well as opposes sanctions (ECF No. 32). It also submitted a Rule 56 request. ECF No. 35.

**II.  Discussion**

Katsikas styled her motion as a motion to dismiss or alternatively for summary judgment. ECF No. 25. Katsikas filed third-party witness declarations in support of the majority of her motion, claiming the declarations demonstrate that (1) NDME's intentional interference with contractual relations claim fails because the third parties with whom she allegedly interfered all swore under oath that she did not do so; (2) NDME's breach of contract claim fails because the third parties to whom she is alleged to have disclosed "proprietary, confidential information" have also sworn under oath that she did not do so; and (3) NDME's counsel did no investigation into the specious allegations prior to filing the complaint or at any time since. *See generally id.*

The only portion of the motion that is not supported by materials outside of the pleadings is Katsikas' argument that NDME's intentional interference claim fails and should be dismissed under 12(b)(6). ECF No. at 6–7. I address this argument under the motion to dismiss standard. I construe the remainder of the motion as a motion for summary judgment because Katsikas submitted materials outside the pleadings in support of the motion. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

### A. Katsikas' motion to dismiss is denied.

Katsikas argues that NDME's intentional interference with contractual relations claim is "verifiably false" and is not sufficiently specific under *Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F.Supp.3d 1168 (D. Nev. 2021).

#### 1. *Legal standard*

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

#### 2. *The complaint adequately states a claim upon which relief can be granted.*

To establish a claim for intentional interference with contractual relations in Nevada, a plaintiff must allege facts demonstrating "(1) a valid and existing contract; (2) the defendant's

3

knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 71 P.3d 1264, 1267 (2003). A plaintiff must "demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff." *Id.* at 1268.

Katsikas argues that NDME's intentional interference with contractual relations claim should be dismissed because NDME failed to provide specific details regarding its belief that she interfered with unidentified contracts by "communicat[ing] to National DME's clients that she was terminated … that National DME's services were inferior or its charges were unreasonable" and that "she encouraged National DME's clients to terminate their contracts with National DME." ECF No. 25 R 6–7. But, in viewing the alleged facts as true in the light most favorable to NDME, it satisfied its burden at this stage.

In its complaint, NDME alleges (1) there was a valid and existing contract between NDME and its clients (2) that Katsikas was aware of and (3) intentionally interfered with by encouraging clients to cease doing business with NDME, (4) causing the clients to cease doing business with NDME (5) resulting in damage. ECF No. 13 at 17–27. Thus, NDME established their burden at this stage. I therefore deny Katsikas' motion to dismiss claim one.

**B.  NDME's Rule 56(d) request is granted.**

Because Katsikas moved for summary judgment prior to discovery, NDME asks the court to deny or defer Katsikas' motion, pursuant to Rule 56(d), because it has been unable to take depositions that would enable it to oppose the motion. ECF No. 35. Rule 56(d) is a vehicle for litigants to avoid summary judgment when a party moves for summary judgment before the opposing party has had a "realistic opportunity" to pursue discovery. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003). To prevail on a Rule 56(d) request, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

4

sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California ex rel. California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (stating standard under former Rule 56(f)).

Katsikas argues that the relevance of discovery would be "questionable at best" and argues that her "reasonably diligent investigation has revealed that the clinic employees in charge of these contracts have all affirmatively declared under oath that [NDME]'s allegations are 'not true.'" ECF No. 36 at 4. To support this claim, she cites *Guzman-Ruiz v. Hernandez-Colon.* 406 F.3d 31 (1st Cir. 2005). In this case, the First Circuit found that the district court did not abuse its discretion in refusing to consider and grant a belated discovery request because no diligence was exercised during the three months *after* the motion for summary judgment surfaced. However, in contrast here, Katsikas filed her motion on January 2, 2024, and NDME filed its opposition to summary judgment on January 4, 2024, and then its Rule 56(d) request on January 10, 2024. *See* ECF Nos. 25, 33, 35. Both of NDME's filings are timely unlike the belated request in *Guzman-Ruiz*.

Furthermore, NDME provided specific examples of the discovery it seeks to obtain and explains how that evidence will enable it to oppose summary judgment. *See generally* ECF No. 35. NDME avers that it will depose employees of the five Las Vegas clinics to allow it to "confirm that it was not a coincidence" that three of the five clinics terminated their contracts within one-week of Katsikas' termination. ECF No. 35 at 2, 7. The employees to be deposed have been identified by first name, and NDME avers that it needs to serve subpoenas to obtain witness last names. *Id.* at 7. NDME states that "even if one of the deponents testifies as expected, it would preclude summary judgment." *Id.* Accordingly, NDME has satisfied the requirements of Rule 56(d).

I therefore grant NDME's 56(d) request and deny Katsikas' motion for summary judgment without prejudice as premature. No summary judgment motions shall be brought in this matter until the end of the discovery period without leave of court. Katsikas may refile her motion after the close of discovery or she may file a new motion.

    C.    **Katsikas's motion for Rule 11 sanctions is denied.**

Katsikas requests sanctions pursuant to Rule 11 because the complaint is "premised upon demonstrably false allegations." ECF No. 24 at 2. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution…" and only in "rare and exceptional" cases. *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344–45 (9th Cir. 1988). Katsikas has not persuaded the court that any sanctionable conduct has occurred and the court declines to impose Rule 11 sanctions at this stage. The court does not yet know if the complaint is based on "false allegations" as discovery has yet to occur. Therefore, Katsikas' motion for sanctions is denied.

III.    Conclusion

IT IS HEREBY ORDERED that:

1. Katsikas' motion to dismiss, or in the alternative, motion for summary judgment **[ECF No. 25] is DENIED** without prejudice.

2. National DMT's Rule 56(d) motion **[ECF No. 35] is GRANTED**.

3. Katsikas' motion for sanctions **[ECF No. 24] is DENIED**.

Dated: February 6, 2024

                                                             _____
                                                             Cristina D. Silva
                                                             United States District Judge