John A. Snow (NSBN 4133)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JSnow@parsonsbehle.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL DME, LLC, a Utah limited lability company , <br><br> Plaintiff, <br><br> vs. <br><br> TONYA KATSIKAS, an individual, <br><br> Defendant. | Case No.  2:23-cv-01243-CDS-NJK |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, National DME, LLC, is producing the documents its expert witness has relied upon, which includes, among other things, confidential and sensitive financial information, and that may be appropriately subject to protection under Federal Rule of Civil Procedure 26(c). Plaintiff believes that good cause exists to protect the confidential nature of such information contained those documents. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

4864-7348-0398.v1

1.      The documents produced by Plaintiff that was relied upon by its expert witness that contained any financial information of Plaintiff, including, but not limited to, balance sheets, income statements, and tax returns, are subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

2.      The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a).

3.      If portions of documents or other materials subject to this Protective Order or any papers containing or making reference to confidential portions of such materials are filed with the Court, they shall be filed under seal and marked according to local rule of the District of Nevada, LR 1A 10-5.

4.      In seeking to file a document under seal, the parties understand there is a strong presumption in the Ninth Circuit in favor of access to court records and that sealing a document from public view is the exception. In addition, the parties understand that the Court will evaluate any motion to seal either under a finding of good cause for non-dispositive motions or a compelling reason supported by specific facts for dispositive motions. See *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The designating party bears the burden to establish the facts necessary to seal such information or documents.

PARSONS BEHLE & LATIMER

4864-7348-0398.v1

5. Use of any information, documents, or portions of documents subject to this Protective Order," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are added by the stipulation of counsel or authorized by the Court:

    a. The counsel of record for the parties, and the administrative staff of such counsel's law firms.

    b. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    e. Any court reporter or videographer reporting a deposition.

    f. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

    g. Any mediator, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

PARSONS BEHLE & LATIMER

4864-7348-0398.v1

     h.     Any fact witness in this matter to whom disclosure is reasonably necessary.

     i.     Any other person with the prior written consent of the designating party.

6. Prior to being shown any documents produced by another party subject to this Protective Order shall agree to be bound by the terms of this Order signing a copy hereof.

7. Notwithstanding the above, the Court shall determine a party's right to use documents or information subject to this Protective Order at a hearing, trial, or other proceeding in this action. The Court may also require the redaction of personal identifiers of confidential information before use at a hearing, trial, or other proceeding in this action. This Protective Order shall not govern the admission of evidence at trial in open court.

8. Defendant reserves the right to dispute the confidential status of documents or information subject to this Protective Order.

9. Upon the request of the Plaintiff, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve and settle this case, Defendant shall return to Plaintiff all information and documents subject to this Protective Order. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to, and use of, confidential information, or other modifications, subject to order by the Court.

11. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action.

4864-7348-0398.v1

PARSONS
BEHLE &
LATIMER

So stipulated:

/s/ John A. Snow
John A. Snow
*Attorneys for Plaintiff*

/s/ Matthew T. Kneeland
Matthew T. Kneeland
*Attorneys for Defendant*
(Signed w/ permission by email from Matthew T. Kneeland)

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

DATED: July 10, 2024

**IT IS SO ORDERED**

Nancy J. Koppe
United States Magistrate Judge

5

4864-7348-0398.v1